**COSTELLO LAW CORPORATION**
JOHN P. COSTELLO (Bar No. 161511)
PAMELA W. BERTANI (Bar No. 182672)
331 J Street, Suite 200
Sacramento, CA 95814
Telephone: (916) 441-2234
Facsimile: (916) 441-4254

**DOWNEY BRAND LLP**
MICHAEL J. THOMAS (Bar No. 172326)
MEGHAN M. BAKER (Bar No. 243765)
555 Capitol Mall, Tenth Floor
Sacramento, CA 95814-4686
Telephone: (916) 444-1000
Facsimile: (916) 444-2100

Attorneys for Plaintiff
Eagle Advanced Systems Engineering, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAGLE ADVANCED SYSTEMS ENGINEERING, INC., a California Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>SENTECH MEDICAL SYSTEMS, INC., a Florida Corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.  2:07-CV-01029-LKK-GGH<br><br>**STIPULATED PROTECTIVE ORDER** |
| SENTECH MEDICAL SYSMEMS, INC., a Florida Corporation,<br><br>        Counterclaimant,<br><br>v.<br><br>EAGLE ADVANCED SYSTEMS ENGINEERING, INC., a California Corporation,<br><br>        Counterdefendant. | |

895749.1

1

STIPULATED PROTECTIVE ORDER

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. To permit the parties to produce such sensitive information while safeguarding its confidentiality, parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order, which shall apply to, and govern, all documents, things, discovery responses, and testimony designated by the disclosing party in good faith as constituting or containing Confidential or Highly Confidential Information or Items under the Protective Order

2.   DEFINITIONS

2.1   Party: All parties to this action and anyone else acting upon their behalf or at their direction or control, including, but not limited to, their officers, directors, employees, consultants, retained experts, as well as Counsel and their support staff.

2.2   Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, but not limited to, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery.

2.3   "Confidential" Information or Items: All information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure.

2.4   "Highly Confidential" Information or Items: All extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   Receiving Party: a Party that receives Discovery Material from a Producing Party.

2.6   Producing Party: a Party or non-party that produces Discovery Material in this action.

2.7     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential."

2.8     Protected Material:  any Discovery Material that is designated as "Confidential" or as "Highly Confidential."

2.9     Outside Counsel:  attorneys (and their support staffs) who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DESIGNATING PROTECTED MATERIAL

4.1     Exercise of Restraint and Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify— so that other

895749.1                                   3

STIPULATED PROTECTIVE ORDER

1  portions of the material, documents, items, or communications for which protection is not
2  warranted are not swept unjustifiably within the ambit of this Order.

3  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are
4  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to
5  unnecessarily encumber or retard the ease development process, or to impose unnecessary
6  expenses and burdens on other parties), may expose the Designating Party to sanctions.  No party
7  will indiscriminately or unreasonably stamp or maintain documents as Confidential or Highly
8  Confidential, and in no event will publicly available documents such as publications, patents, or
9  file histories be stamped Confidential or Highly Confidential.

10  This Protective Order shall not apply to information which (a) is public knowledge, (b) is
11  acquired in good faith and without subpoena from a third party who has no obligation to maintain
12  such confidentiality, or (d) is possessed by the receiving party prior to this action, unless that
13  information was obtained under circumstances requiring the receiving party to treat it as
14  confidential.

15  If it comes to a Party's or a non-party's attention that information or items that it
16  designated for protection do not qualify for protection at all, or do not qualify for the level of
17  protection initially asserted, that Party or non-party must promptly notify all other parties that it is
18  withdrawing the mistaken designation.

19  4.2   Manner and Timing of Designations.  Except as otherwise provided in
20  this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this
21  Order must be clearly so designated before the material is disclosed or produced.  Designation in
22  conformity with this Order requires:

23  (a)   For information in & documentary form (apart from transcripts of
24  depositions or other pretrial or trial proceedings), that the Producing Party affix the legend
25  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the top of each page that contains
26  protected material.

27  A Party or non-party that makes original documents or materials available for inspection
28  need not designate them for protection until after the inspecting Party has indicated which

1  material it would like copied and produced. During the inspection and before the designation, all
2  of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL."
3  After the inspecting Party has identified the documents it wants copied and produced, the
4  Producing Party must determine which documents, or portions thereof, qualify for protection
5  under this Order, then, before producing the specified documents, the Producing Party must affix
6  the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") at the top of each
7  page that contains Protected Material.

8        (b) <u>For testimony given in deposition or in other pretrial or trial</u>
9  <u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the
10  record, before the close of the deposition, hearing, or other proceeding, all protected testimony,
11  and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL."
12  When it is impractical to identify separately each portion of testimony that is entitled to
13  protection, and when it appears that substantial portions of the testimony may qualify for
14  protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the
15  record (before the deposition or proceeding is concluded) a right to have up to 21 days to identify
16  the specific portions of the testimony as to which protection is sought and to specify the level of
17  protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"). Only those
18  portions of the testimony that are appropriately designated for protection within the 21 days shall
19  be covered by the provisions of this Stipulated Protective Order.

20     Transcript pages containing Protected Material must be separately bound by the court
21  reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or
22  "HIGHLY CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the
23  witness or presenting the testimony.

24        (c) <u>For information produced in some form other than documentary,</u>
25  <u>and for any other tangible items</u>, that the Producing Party affix in a prominent place on the
26  exterior of the container or containers in which the information or item is stored the legend
27  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only portions of the information or
28

1  item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

2  portions, specifying whether they qualify as "Confidential" or as "Highly Confidential."

3          4.3     <u>Inadvertent Failures to Designate</u>.  Inadvertent failure of counsel to

4  designate or mark any document, thing, or testimony as Confidential or Highly Confidential

5  Information as provided above shall not preclude the disclosing party from promptly thereafter

6  in good faith making such a designation and requesting the receiving party to so mark and treat

7  such documents and things so designated. The receiving party, however, shall incur no liability

8  for disclosures made prior to notice of such designations.

9       5.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

10          5.1     <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating

11  Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,

12  unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party

13  does not waive its right to challenge a confidentiality designation by electing not to mount a

14  challenge promptly after the original designation is disclosed.

15          5.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a

16  Designating Party's confidentiality designation must do so in good faith and must begin the

17  process by conferring with counsel for the Designating Party.  In conferring, the challenging

18  Party must explain the basis for its belief that the confidentiality designation was not proper and

19  must give the Designating Party an opportunity to review the designated material, to reconsider

20  the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

21  designation.  A challenging Party may proceed to the next stage of the challenge process only if

22  it has engaged in this meet and confer process first.

23          5.3     <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

24  confidentiality designation after considering the justification offered by the Designating Party

25  may file and serve a motion that identifies the challenged material and sets forth in detail the basis

26  for the challenge.  Each such motion must be accompanied by a competent declaration that

27  affirms that the movant has complied with the meet and confer requirements imposed in the

28

895749.1

6

STIPULATED PROTECTIVE ORDER

preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Notwithstanding any other provision of this Order, no Highly Confidential Information of the other party shall be brought onto or maintained on any premises owned or leased by, or otherwise under the control of the receiving party, whether such Highly Confidential Information is intangible, magnetic, electronic, or other machine-readable form.

6.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Confidentiality Undertaking" that is attached hereto as Exhibit A;

(b) The officers, directors and no more than three (3) non-officer employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidentiality Undertaking" (Exhibit A);

        (c)      Experts (as defined in this Order) and Professional Vendors of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidentiality Undertaking" (Exhibit A);

        (d)      The Court and its personnel;

        (e)      Court reporters and their staffs to whom disclosure is reasonably necessary for this litigation;

        (f)      During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Confidentiality Undertaking" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

        (g)      the author of the document or the original source of the information.

        6.3      <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

        (a)      The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Confidentiality Undertaking" that is attached hereto as Exhibit A;

        (b)      Experts (as defined in this Order) (1) and Professional Vendors to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Confidentiality Undertaking" (Exhibit A);

        (c)      The Court and its personnel;

        (d)      Court reporters and their staffs to whom disclosure is reasonably necessary for this litigation; and

        (e)      The author of the document or the original source of the

information.

### 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by e-mail, if possible) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Confidentiality Undertaking" that is attached hereto as Exhibit A.

9. <u>FILING PROTECTED MATERIAL</u>

~~Unless waived by the designating party upon consultation with opposing counsel, no~~  No information designated Confidential or Highly Confidential, nor any documents disclosing, reproducing, or paraphrasing, in whole or part, Confidential or Highly Confidential Information may be filed or submitted to the Court unless the submission complies with the procedures set forth in Local Rule 39-141 for filing documents under seal.

10. <u>TRIAL</u>

This Stipulated Protective Order, insofar as it restricts the communication, use, or disclosure of Protected Material, shall not apply to the introduction, use, or disclosure of such materials and information, and testimony related thereto, as evidence at trial. Nothing in this order shall be construed to prohibit any Party from seeking further relief from the Court regarding the communication, use or disclosure of Protected Material during courtroom proceedings.

11. <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

12. <u>MISCELLANEOUS</u>

12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 10, 2007            DOWNEY BRAND LLP

                                    By:_____/s/ Michael J. Thomas_____
                                          MICHAEL J. THOMAS
                                    Attorney for Plaintiff/Counterdefendant
                                    Eagle Advanced Systems Engineering, Inc.

DATED: December 8, 2007             NIXON VANDERHYE P.C.

                                    By:_____/s/ Robert A. Rowan_____
                                          ROBERT A. ROWAN
                                    Attorney for Plaintiff/Counterdefendant
                                    Eagle Advanced Systems Engineering, Inc.

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.  **

DATED: 12/17/07                     /s/ Gregory G. Hollows
                                    U.S. Magistrate Judge

** See modification to paragraph 9.

Eagle.po

## Exhibit A

## Confidentiality Undertaking

1. I have read and understand the attached Agreed Protective Order concerning confidential information that has been entered in Eagle Advanced Systems Engineering, Inc. v SenTech Medical Systems, Inc., C.A. No. 2:07-CV-1029 in the U.S. District Court for the Eastern District of California in Sacramento.

2. I understand that I may be given access to Confidential or Highly Confidential Information, and in consideration of that access, I agree that I shall be bound by all the terms of the Protective Order.

3. I understand that I am to retain all originals and copies of the Confidential or Highly Confidential Information in a secure manner and that all copies will be destroyed or returned to the counsel who provided me with it within 60 days after termination of this action.

4. I understand that all Confidential or Highly Confidential Information shall be used solely for the purposes of this action and shall not, directly or indirectly, be used for any other purpose and that any use of Confidential or Highly Confidential Information, or any information obtained therefrom, in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of the Court.

Date:_____   Signature:_____

Position:_____   Name (print):_____

Firm Address:_____